## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IRGUIS JOSE FONTALVO-PELAEZ,

     Movant,

v.                                   Case No. 8:21-cv-1398-CEH-NHA
                                   Criminal Case No. 8:13-cr-530-CEH-NHA

UNITED STATES OF AMERICA,

     Respondent.

_____/

## ORDER

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Section 2255 motion) (cv Doc. 1). Respondent filed a response opposing the Section 2255 motion (cv Doc. 3) to which Movant replied (cv Doc. 6). Upon consideration, the Section 2255 motion will be denied.

**Procedural Background**

Movant was charged by Indictment for conspiracy to distribute five kilograms or more of cocaine, knowing and intending that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959, 963 and § 960(b)(1)(B)(ii) (count one) and conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) (count two) (cr Doc. 1). He pleaded guilty

1

to count two under a plea agreement (cr Docs. 194-95). [1] The pre-sentence report recommended a four-level role enhancement and a total offense level 39, criminal history category I with a sentencing range of 262-327 months (cr Doc. 206, ¶ 61). Defense counsel objected to the four-level role enhancement and filed a sentencing memorandum seeking a downward variance to 144 months (cr Doc. 208).

Movant was sentenced to 188 months in prison followed by 5 years' supervised release (cr Docs. 212, 215). Defense counsel's objection to the four-level role enhancement was reduced to three levels and a downward variance was granted to 188 months (cr Docs. 212-214). Movant did not appeal.

Movant filed his Section 2255 motion in which he alleges one ground for relief: Counsel was ineffective for failing to request a sentence reduction due to the extreme harsh conditions he suffered while incarcerated in the deplorable conditions in teh [sic] Colombiam [sic] prison awaiting extradition to the United States (cv Doc. 1, p. 5).

**Ineffective Assistance of Counsel Standard of Review**

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Because a lawyer is presumed to be competent to assist a defendant, the burden is on the petitioner to demonstrate that he was denied the

---

[1] Count one was dismissed (cr Doc. 215).

effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's representation fell below an objective standard of reasonable professional assistance; and (2) the petitioner was prejudiced by that deficient performance. *Strickland*, 466 U.S. at 693-94. To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). When evaluating performance, the district court must apply a strong presumption that counsel has "rendered adequate assistance and [has] made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. A petitioner demonstrates prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 2004).

**Discussion**

Movant contends counsel was ineffective in failing to request a downward variance due to harsh prison conditions he experienced in Colombia awaiting extradition. A district court may exercise discretion to reduce the sentence of a defendant subjected to extremely harsh conditions of pre-trial confinement. *See United States v. Pressley*, 345 F.3d 1205, 1218–19 (11th Cir.2005). However, as Respondent correctly argues, the claim Movant raises in his Section 2255 motion is vague and insufficient because it is supported by no facts or evidence

(*See* cv Doc. 3, p. 6). Thus, as alleged in the Section 2255 motion, Movant's claim warrants no relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir.1991) (explaining vague, conclusory, or unsupported allegations do not warrant evidentiary hearing for ineffective assistance of counsel claim); *Hill v. Moore*, 175 F.3d 915, 922 (11th Cir.1999) ("To be entitled to an evidentiary hearing on this matter [of alleged ineffective assistance of counsel], petitioner must proffer evidence that, if true, would entitle him to relief.").

In his reply, Movant attempts to bolster his claim by submitting several photographs, presumably showing conditions at the jail in which he was detained in Columbia, and asserting, "[e]ating on the floor, toilets overflowing, locked in a windowless cell and fecal matter overflowing in the common areas cannot be considered humane conditions for any inmate." (cv Doc. 6, pp. 2, 5-22). He alleges the photographs "were in counsel's possession at the time of sentencing," and counsel "should have. . .used [the photographs] in conjunction with the motion for a downward variance based on the harsh conditions he had to endure while incarcerated in Colombia, pre-trial." (*Id.*, p. 2).

The Court concludes defense counsel's performance was not deficient under *Strickland* and did not cause Movant any prejudice. Movant was facing a sentencing range of 262-327 months (cr Doc. 206, ¶ 61). Counsel filed a sentencing memorandum seeking a downward variance to 144 months (cr Doc. 208). During the sentencing hearing, counsel's objection to the role enhancement was sustained, and her oral motion for a downward variance was granted (cr Doc. 212). The Court gave credit for the time Movant was incarcerated in Columbia (*Id.*). And the sentence of 188 months was well below the guidelines range of 262-

4

327 months.

Even if trial counsel had presented the photographs, there is no reasonable probability this Court would have exercised its discretion to impose a sentence lower than 188 months. *See, e.g., Withrow v. United States*, 2011 WL 13268992, at *21 (S.D. Fla. Oct. 24, 2011), *report and recommendation adopted*, 2011 WL 13268991 (S.D. Fla. Dec. 20, 2011) ("Where there is no evidence that the conditions of pretrial confinement are so substandard or onerous as to take the case outside the heartland of cases, a downward departure based on conditions of pretrial confinement is not warranted."). The photographs do not depict extremely harsh conditions (cv Doc. 6, pp. 5-22). And neither eating on the floor nor living in a cell with no window is an extremely harsh condition, especially where there is no allegation Movant was confined to his cell with no opportunity to go outside. Finally, even if overflowing toilets and exposure to fecal matter can amount to harsh conditions, there is no allegation or evidence these were ongoing issues at the jail rather than isolated incidents. *See, e.g., Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (Although "[e]xposure to raw sewage may in some cases amount to cruel and unusual punishment[,]" pretrial detainee's allegation that he was exposed to raw sewage for four days due to overflowing toilet in his cell did "not rise to a level of constitutional significance.").

**Conclusion**

Movant's Section 2255 motion (cv Doc. 1) is **DENIED**. The Clerk is directed to enter judgment against Movant, close this case, enter a copy of this Order in the criminal action (Case No. 8:13-cr-530-CEH-NAH), and terminate the Section 2255 motion at docket entry

#218.

Moreover, Movant is not entitled to a certificate of appealability. To obtain a certificate of appealability, the petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Movant cannot show that reasonable jurists would debate the merits of his claim, he is not entitled to a certificate of appealability or to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on April 19, 2024.

Charlene Edwards Honeywell
United States District Judge

cc: Counsel of Record
    Movant, *pro se*